**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KAREN MITCHELL, ) | NO. CV 06-43-E |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| JO ANNE B. BARNHART, COMMISSIONER ) | **AND ORDER OF REMAND** |
| OF SOCIAL SECURITY ADMINISTRATION, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

Pursuant to sentence four of 42 U.S.C. section 405(g), IT IS HEREBY ORDERED that Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded for further administrative action consistent with this Opinion.

**PROCEEDINGS**

Plaintiff filed a complaint on January 6, 2006, seeking review of the Commissioner's denial of benefits. The parties filed a consent to proceed before a United States Magistrate Judge on January 19, 2006.

1    Plaintiff filed a motion for summary judgment on June 14,
2 2006. Defendant filed a cross-motion for summary judgment on
3 July 12, 2006. The Court has taken the motions under submission
4 without oral argument. See L.R. 7-15; "Order," filed January 9,
5 2006.

## BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

   Plaintiff asserts disability based on alleged exertional and nonexertional impairments (Administrative Record ("A.R.") 49-51, 257-69). The Administrative Law Judge ("ALJ") found that Plaintiff has severe impairments that preclude the performance of any of her past relevant work (A.R. 28-32). Among the significant mental limitations the ALJ found to exist were "moderate difficulties maintaining concentration, persistence or pace" (A.R. 29-30). In finding there exist jobs Plaintiff can perform, the ALJ relied on certain testimony of a vocational expert (A.R. 31-33). The vocational expert gave this testimony in response to a hypothetical question that assumed an ability to perform "unskilled work," but did not mention any specific mental limitations (A.R. 275). The Appeals Council denied review (A.R. 5-7).

## STANDARD OF REVIEW

   Under 42 U.S.C. section 405(g), this Court reviews the Commissioner's decision to determine if: (1) the Commissioner's findings are supported by substantial evidence; and (2) the Commissioner used proper legal standards. See Swanson v. Secretary,

2

1  763 F.2d 1061, 1064 (9th Cir. 1985).

## DISCUSSION

"After a claimant satisfies [his or her] initial burden of showing that a physical or mental impairment prevents [him or her] from performing [his or her] previous work, the burden shifts to the [Administration] to show that the claimant has the capacity to perform other work and that such other work exists in the national economy."  Stone v. Heckler, 761 F.2d 530, 532 (9th Cir. 1985). Where a claimant's nonexertional impairments significantly limit his or her range of work "the grids do not apply, and the testimony of a vocational expert is required to identify specific jobs within the claimant's abilities."  Polny v. Bowen, 864 F.2d 661, 663-64 (9th Cir. 1988); see Burkhart v. Bowen, 856 F.2d 1335, 1340-41 (9th Cir. 1988).

Unless the hypothetical questions posed to the vocational expert "set out all of the claimant's impairments," the vocational expert's testimony cannot constitute substantial evidence to support the Commissioner's findings.  Gallant v. Heckler, 753 F.2d 1450, 1456 (9th Cir. 1984); see Gamer v. Secretary, 815 F.2d 1275, 1280 (9th Cir. 1987) ("Hypothetical questions must set out the limitations of [the] particular claimant").

In the present case, the only nonexertional limitation involved in the operative hypothetical question was a limitation to "unskilled work" (A.R. 275).  Defendant argues that, in the context

3

of the preceding hypothetical questions, "it is clear" that the term "unskilled work" "encompassed all of plaintiff's mental limitations" (Defendant's Motion at 3). The proposition for which Defendant argues is manifestly unclear, however. In addition to this lack of clarity, the Court observes that none of the hypothetical questions posed to the vocational expert mentioned Plaintiff's "moderate difficulties maintaining concentration, persistence, or pace." Deficiencies of "concentration, persistence or pace" are "functional limitations" that must be included, by incorporation or otherwise, in the hypothetical questioning of a vocational expert. See Thomas v. Barnhart, 278 F.3d 947, 956 (9th Cir. 2002). A limitation to simple or unskilled work does not account for "deficiencies of concentration, persistence or pace." See Newton v. Chater, 92 F.3d 688, 695 (8th Cir. 1986); Dade v. Commissioner, 1999 WL 1192727 *3 (D. Or. Dec. 15, 1999). Accordingly, the hypothetical questioning of the vocational expert appears incomplete. Thus, the evidence currently of record fails to carry the Administration's burden of demonstrating the existence of jobs Plaintiff can perform.

When a court reverses an administrative determination, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." INS v. Ventura, 537 U.S. 12, 16 (2002) (citations and quotations omitted). Remand is proper where, as here, additional administrative proceedings could remedy the defects in the decision. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989); see generally Kail v. Heckler, 722 F.2d 1496, 1497 (9th Cir. 1984).
///

**CONCLUSION**

For all of the foregoing reasons, Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded for further administrative action consistent with this Opinion.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: July 27, 2006.

_____/S/_____
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

5